UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

UNITED STATES OF AMERICA              CRIMINAL NO. 6:08-CR-00057-01
                                      CIVIL ACTION NO. 6:12-CV-01775

VERSUS                                JUDGE HAIK

MARK R. EMMONS                        MAGISTRATE JUDGE HANNA

## REPORT  AND  RECOMMENDATION

Pending before this Court is Mark R. Emmons's *pro se* motion, brought pursuant to 28 U.S.C. § 2255, seeking to vacate, set aside, or correct his sentence. (Rec. Doc. 152).  This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this Court.  The respondent was served and has filed an answer as well as a memorandum in response to the motion.  For the following reasons, it is recommended that the motion be DENIED.

## FACTUAL  BACKGROUND

While living in Connecticut in 2007, Emmons used the internet to repeatedly enter a Yahoo chat room called "Romance Louisiana."  In the chat room, he communicated with undercover officers, who portrayed themselves as minors

between the ages of thirteen and fifteen. On October 31, 2007, Emmons was communicating with an undercover Special Agent with the Louisiana Attorney General's Office, Internet Crimes Against Children Task Force, located in Lafayette, Louisiana who identified himself as a fourteen-year-old girl. During their conversation, Emmons asked the girl to masturbate while chatting online. (Rec. Doc. 140-2).

As a result of these chat room communications, Emmons was indicted by a federal grand jury, which returned a six-count superseding indictment on May 14, 2008. The superseding indictment charged Emmons with two counts of attempted production of child pornography, in violation of 18 U.S.C. § 2251(a), and four counts of using a facility in interstate commerce to attempt to coerce a minor to engage in criminal sexual acts, in violation of 18 U.S.C. § 2422(d). (Rec. Doc. 13).

On November 4, 2009, Emmons pleaded guilty to Count Three of the superseding indictment, which charged him with using a facility in interstate commerce to attempt to persuade, induce, entice, and coerce a minor to engage in criminal sexual activity, in violation of 18 U.S.C. § 2422(d). (Rec. Docs. 139, 140). On March 9, 2010, Emmons was sentenced to 135 months imprisonment. (Rec. Doc. 147).

-2-

Emmons did not directly appeal his conviction nor has he previously filed a motion under 28 U.S.C. § 2255.  (Rec. Doc. 152 at 10).  He filed the instant motion to vacate, set aside, or correct his sentence under § 2255 (Rec. Doc. 152) on June 18, 2012, more than two years after he pleaded guilty and more than two years after he was sentenced.

## LAW AND ANALYSIS

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside or correct his sentence:  (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack.[1]  "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice."[2]

In his motion, Emmons argues that the United States violated the Tenth Amendment by charging him with a federal crime for violation of a state statute.  He

---

[1]        28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996).

[2]        *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992).

also argues that a decision by the United States Supreme Court, which was rendered after he was sentenced, created a new right entitling him to raise this issue in a motion for collateral review.  The government contends, however, that Emmons's motion is untimely.  For the following reasons, the undersigned finds that Emmons had only one year from the date on which his conviction became final to bring this motion, further finds that his motion is untimely, and recommends that the motion be denied.

"Section 2255 provides a one-year limitation period that begins on the latest of four possible dates for a federal prisoner to seek collateral review of his conviction and sentence."[3]  The pertinent portion of the statute reads as follows:

> (f)  A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of –
>
> (1)  the date on which the judgment of conviction becomes final;
>
> (2)  the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3)  the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[3]     *United States v. Plascencia*, 537 F.3d 385, 388 (5th Cir. 2008).

(4)  the date on which the facts supporting the claim
or claims presented could have been discovered through
the exercise of due diligence.

Thus, a convicted defendant ordinarily has one year from the time that his conviction became final to seek relief under Section 2255(f)(1) unless one of the situations presented in Section 2255(f)(2), (3), or (4) exists.  The statute does not, however, define when a judgment of conviction becomes final for purposes of the limitation period.[4]  In a case such as this one, when the defendant did not file a notice of appeal from the judgment of the trial court, his conviction became final upon the expiration of the fourteen-day period for filing a notice of appeal after the entry of judgment.[5]  Therefore, Emmons's conviction became final on March 26, 2010, fourteen days after March 12, 2010, the date the judgment was entered into the record (Rec. Doc. 148), and he had one year from March 26, 2010 to file a Section 2255 motion.  But no such motion was filed until June 18, 2012.

Citing Section 2255(f)(3), Emmons argues that the one-year time limit for filing this motion did not begin to run until June 16, 2011, the date on which the United States Supreme Court rendered its decision in *Bond v. United States*, 131 S.Ct.

---

[4]     *United States v. Messervey*, 269 Fed. App'x 379, 380 (5th Cir. 2008).

[5]     *United States v. Plascencia*, 537 F.3d at 388; Fed. R. App. Proc. 4(b)(1)(A) (requiring a criminal defendant to file a notice of appeal within fourteen days of entry of judgment or order from which appeal is taken).

2355 (2011).  If he is correct, then this motion, which was filed on June 18, 2012, is timely.

Emmons contends that his motion is timely, arguing that *Bond* recognized "a new right that was previously unavailable to him and which the Supreme Court will make retroactive to cases on collateral review."  (Rec. Doc. 152 at 7).  The undersigned finds, however, that Emmons's reliance on the *Bond* decision is misplaced.

In *Bond*, the Supreme Court held that a person convicted of a federal offense had standing to assert that Congress exceeded its power under the Tenth Amendment in enacting the criminal statute on which she was convicted.  Similarly, Emmons argues that United States violated the Tenth Amendment by charging him with a federal crime when he violated a state statute.  (Rec. Doc. 152 at 12).  But the *Bond* court did not invalidate the statute on which the defendant was convicted and declined to address the merits of the constitutional challenge to the statute. Therefore, *Bond* did not create a new right that was not previously available. Furthermore, Emmons has not established that *Bond* may be applied retroactively, as it would have to be in order for Emmons to obtain the relief he seeks.

The Fifth Circuit has considered the effect of the *Bond* decision in numerous Section 2241 *habeas corpus* petitions filed by convicted federal prisoners.[6]  In all such cases, the court noted that *Bond* did not decriminalize the offenses with which the prisoners were charged or permit challenges to their convictions to be brought under Section 2241.[7]  No cases were located in which a court within the Fifth Circuit has deemed an otherwise untimely Section 2255 petition as timely on the basis of the ruling in *Bond*.  In fact, the Fifth Circuit has stated that *"Bond,* a direct criminal appeal, has not been found. . . to apply retroactively to cases on collateral review."[8]

The statutory provision that Emmons relies upon in arguing that his motion is timely states that the one-year limitations period will commence to run on "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court *and made retroactively applicable* to cases on collateral review."[9]  Therefore, in order to prevail, Emmons must establish that the *Bond* ruling applies retroactively.  That he has not done – and

---

[6]     See, e.g., *Blodgett v. Martin*, 453 Fed. App'x 493 (5th Cir. 2011); *Williams v. Holder*, 471 Fed. App'x 318 (5th Cir. 2012).

[7]     *Blodgett v. Martin*, 453 Fed. App'x at 494; *Williams v. Holder*, 471 Fed. App'x at 318-19.

[8]     *Singleton v. Holder*, 477 Fed. App'x 229, 230 (5th Cir. 2012).

[9]     28 U.S.C. § 2255(f)(3) (emphasis added).

cannot do. Indeed, Emmons's argument in this regard is that "the Supreme Court *will* make [the *Bond* ruling] retroactive to cases on collateral review." (Rec. Doc. 152 at 7) (emphasis added). What the Supreme Court might do in the future is immaterial. Absent evidence that the Supreme Court has already made *Bond* retroactive, Emmons lacks a valid basis for arguing that the one-year limitations period began to run when *Bond* was decided. Accordingly, Emmons cannot show that the one-year period for seeking relief under Section 2255 began to run on June 16, 2011, the date on which the *Bond* decision was rendered. As a result, he cannot establish that his Section 2255 motion is timely.

The undersigned further finds that Emmons is not entitled to equitable tolling of the one-year limitations period. As explained by the Fifth Circuit, "equity is not intended for those who sleep on their rights."[10] Therefore, to establish entitlement to equitable tolling, a petitioner must show, first, that he has been pursuing his rights with a reasonable degree of diligently, and, second, that some extraordinary circumstances stood in his way and prevented timely filing.[11] No such showing has

---

[10] *Mathis v. Thaler*, 616 F.3d 461, 474 (5th Cir. 2010), quoting *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006).

[11] *Manning v. Epps*, 688 F.3d 177, 183-84 (5th Cir. 2012).

been made in this case, and equitable tolling consequently cannot be applied to lengthen the time period afforded for challenging Emmons's conviction and sentence.

Having found that Emmons's motion is untimely, there is no reason to evaluate the merits of his substantive argument regarding the unconstitutionality of the statute under which he was convicted.  Further discussion of that argument is, therefore, pretermitted.

## CONCLUSION

For the reasons stated above, the undersigned finds that Emmons's motion (Rec. Doc. 152) is untimely.  Therefore,

**IT IS RECOMMENDED** that Emmons's motion to vacate, set aside, or correct his sentence (Rec. Doc. 152) be **DENIED**.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this report and recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen days after being served with a copy of any objections or response to the District Judge at the time of filing.

-9-

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Signed at Lafayette, Louisiana, this 31st day of January 2013.

PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE